STIFFT'S JEWELERS *v.*
Charles R. OLIVER, Mary Lou OLIVER, and
Grace Louise OLIVER

84-131                                    678 S.W.2d 372

Supreme Court of Arkansas
Opinion delivered November 5, 1984

*Laser, Sharp & Mayes,* for appellant.

*Ketz & Clark,* by: *Wesley J. Ketz, Jr.,* for appellees.

P. A. HOLLINGSWORTH, Justice. Charles and Mary Oliver, a married couple, and their daughter Grace are the appellees. Mr. and Mrs. Oliver are residents of Batesville and the appellant, Stifft's Jewelers, is a Little Rock company engaged in the business of selling and repairing jewelry. On June 26, 1982, Mrs. Oliver brought three rings to Stifft's to be repaired. They were described in testimony at the trial as follows: a .70 carat marquise diamond which was Mrs. Oliver's engagement ring; a one-third carat diamond which Mr. Oliver's mother had willed to Grace

Oliver; and a one-fourth carat garnet which had originally belonged to Mrs. Oliver's grandmother. At the trial the value of the three rings was established at approximately $3800.

On the same day, Mr. Oliver purchased a one carat diamond ring as an anniversary gift for Mrs. Oliver. Stifft's agreed to mail all four rings after the repairs and proper cleaning were completed. The Olivers received a package in the mail from Stifft's which they testified only contained the anniversary ring. When contacted by the Olivers, the appellant business maintained that all four rings were placed in the same box. The parties could not agree on a resolution. This action was brought by the Olivers seeking the replacement cost of the rings plus $50,000 in sentimental value. Stifft's filed a motion for partial summary judgment seeking to have the prayer for sentimental value stricken which was denied by the trial court. The jury returned a verdict in favor of the Olivers for $4000 replacement cost and $4000 for sentimental value. This appeal is from the judgment of $4000 in sentimental value in favor of the Olivers. Because this case presents a question in the law of torts, this appeal is before us pursuant to Rule 29(1)(o). We affirm and modify the judgment.

In order to determine correctly the measure of damages, the nature of the action must first be determined. While appellants have provided us with a tort theory, they are bound to proceed on a contract theory. In their brief, they stated their theory of the case relying on *Bond* v. *A.H. Belo Corp.*, 602 S.W.2d 105 (Tex. Civ. App. 1980). In *Bond*, the Texas court awarded the appellant the sentimental value of pictures, birth records, and newspaper clippings lost by a newspaper reporter which pertained to her efforts to find her natural parents. The Texas court relied on an earlier Texas decision, *Brown* v. *Frontier Theatres, Inc.*, 369 S.W.2d 299 (Tex. 1963). The *Brown* case which was also relied upon by the trial court here, held that when personal property has its "primary value in sentiment" recovery for such sentimental value cannot be denied. We do not accept this approach.

The question here is the amount of damages that can be established with reasonable certainty under the facts of this case. Since there was a market value established for the rings, we must now determine whether a special or sentimental value is greater than the market value, and what the parties understood their obligations to be. We look to our holding in *Morrow, et al* v. *First National Bank of Hot Springs,* 261 Ark. 568, 550 S.W.2d 429 (1977) for guidance. There we reaffirmed the adoption of the "tacit agreement test" for the recovery of special damages for a breach of contract. We stated: "By that test the plaintiff must prove more than the defendant's mere knowledge that a breach of contract will entail special damages to the plaintiff. It must also appear that the defendant at least tacitly agreed to assume responsibility.".

Here the appellees have not pointed out where the appellant company was made aware of the sentimental value of the rings. Neither do they show any tacit agreement by appellant to assume responsibility.

There could be circumstances where the value of the property is primarily sentimental and the jury could determine that value, provided there was a tacit agreement by the parties. However, the circumstances do not exist here because no tacit agreement was made and the alleged sentimental value of the lost rings is so highly speculative in this case that it was not a proper element of damages for consideration by the jury. We strike that part of the judgment for sentimental value.

Affirmed as modified.